IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATA CARRIERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-cv-80 |
| | § | |
| HESS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT HESS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant and Counterclaim Plaintiff Hess Corporation ("Hess" or "Counterclaim Plaintiff") files this Answer and Counterclaims to Plaintiff Data Carriers, LLC's ("Plaintiff" or "Counterclaim Defendant") First Amended Complaint (the "Complaint") as follows:

**NATURE OF THE ACTION**

1.      Hess admits that the Complaint purports to set forth an action for infringement of United States Patent No. 5,388,198 (the "198 Patent"). Hess admits that Exhibit A attached to the Complaint purports to be the '198 patent entitled "Proactive Presentation Of Automating Features To A Computer User." Hess lacks sufficient knowledge or information to admit or deny if Exhibit A attached to the Complaint is a true and correct copy of the '198 Patent. Further, Hess lacks sufficient knowledge or information to admit or deny if Plaintiff is the owner by assignment of the '198 Patent. Hess admits that Plaintiff purports to seek monetary damages, but denies that Plaintiff is entitled to any relief from Hess. Hess denies all remaining allegations contained in paragraph 1 of the Complaint.

## PARTIES

2.      Hess lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies all allegations contained therein.

3.      Hess admits that it is a Delaware corporation with its principal place of business located at 1185 Avenue of the Americas, 40th Floor, New York, New York 10036.  Hess denies all remaining allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Hess admits that the Complaint purports to bring an action arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Hess further admits that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Hess denies all remaining allegations contained in paragraph 4 of the Complaint.

5.      Hess denies that this Court has personal jurisdiction over Hess and reserves the right to contest personal jurisdiction.  Hess denies all remaining allegations contained in paragraph 5 of the Complaint.

6.      Hess denies all the allegations contained in paragraph 6 of the Complaint.  Hess specifically denies all allegations of wrongdoing.

7.      Hess denies all the allegations contained in paragraph 7 of the Complaint.  Hess specifically denies all allegations of wrongdoing.

## COUNT I – PATENT INFRINGEMENT

8.      Hess incorporates by reference its answers to paragraphs 1-7 above.

9.     Hess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies all allegations contained therein.

10.     Hess denies all the allegations contained in paragraph 10 of the Complaint.  Hess specifically denies all allegations of wrongdoing.

11.     Hess denies all the allegations contained in paragraph 11 of the Complaint.  Hess specifically denies all allegations of wrongdoing.

12.     Hess denies all the allegations contained in paragraph 12 of the Complaint.  Hess specifically denies all allegations of wrongdoing.

13.     Hess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies all allegations contained therein.

14.     Hess denies all the allegations contained in paragraph 14 of the Complaint.  Hess specifically denies all allegations of wrongdoing.

## JURY DEMAND

No response required.

## PRAYER FOR RELIEF

Hess denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all.  Hess specifically denies all allegations of wrongdoing.  Hess denies all remaining allegations contained in Plaintiff's Prayer For Relief.

To the extent any allegations contained in the Complaint have not been previously admitted or denied, Hess denies all such allegations.

## AFIRMATIVE DEFENSES

Hess's Affirmative Defenses are listed below. Hess reserves the right to amend its Answer to add additional Affirmative Defenses, consistent with the facts discovered in the case.

### First Affirmative Defense

15.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

16.     Hess does not infringe and has not infringed, either directly, or indirectly, contributorily, or by inducement, any claim of the '198 patent either literally or under the doctrine of equivalents, willfully or otherwise.

### Third Affirmative Defense

17.     Hess is not liable to Plaintiff for the acts alleged to have been performed before Hess received actual notice that it was allegedly infringing the '198 Patent.

### Fourth Affirmative Defense

18.     Plaintiff's purported claims for infringement of the '198 Patent are barred because the claims of the patent are invalid for failure to comply with the requirements of Title 35 of the United State Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

### Fifth Affirmative Defense

19.     Plaintiff is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

### Sixth Affirmative Defense

20.     Plaintiff's claims are barred by doctrine of laches, waiver, or estoppel.

## COUNTERCLAIMS

### Parties

21.     Hess is a business organized and existing under the laws of the state of Delaware, with its principal place of business located at 1185 Avenue of the Americas, 40th Floor, New York, New York 10036.

22.     On information and belief, Counterclaim Defendant is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 719 W Front Street, Suite 174, Tyler, Texas 75702.

### Jurisdiction And Venue

23.     The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201 and 2202.

24.     The Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant has submitted to jurisdiction of this Court by filing the lawsuit in this Court.

25.     To the extent that this action remains in this District, venue is proper, pursuant to at least 28 U.S.C. §§ 1391 and 1400(b), by virtue of Counterclaim Defendant having filed this lawsuit in this judicial district.

### Facts

26.     Counterclaim Defendant claims to be the owner by assignment of the '198 patent entitled, "Proactive Presentation Of Automating Features To A Computer User." On its face, the '198 patent states that it was filed on April 16, 1992 and issued on February 7, 1995.

27.     On its face, the '198 patent states that it has been assigned to Symantec Corporation, Cupertino, California.

**DEFENDANT HESS CORPORATION'S**
**ANSWER AND COUNTERCLAIMS**                    5
15174177_1

## Count I

## Declaratory Judgment of Noninfringement

28.     Hess incorporates by reference the allegations set forth in paragraphs 20-26 above as if fully set forth herein.

29.     While Hess maintains that Counterclaim Defendant lacks standing to assert the '198 patent, an actual and justiciable controversy exists between Hess and Counterclaim Defendant with respect to noninfringement of the '198 patent because Counterclaim Defendant has brought this action against Hess alleging that Hess infringes the '198 patent and alleging that the '198 patent is valid and enforceable, which allegations Hess denies. Absent a declaration of noninfringement, Counterclaim Defendant will continue to wrongfully assert the '198 patent against Hess, and thereby cause Hess irreparable injury and damage.

30.     Hess has not infringed the '198 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect under 28 U.S.C. §2201 *et seq.*

## Count II

## Declaratory Judgment of Invalidity

31.     Hess incorporates by reference the allegations set forth in paragraphs 20-30 above as if fully set forth herein.

32.     While Hess maintains that Counterclaim Defendant lacks standing to assert the '198 patent, an actual and justiciable controversy exists between Hess and Counterclaim Defendant with respect to invalidity of the '198 patent because Counterclaim Defendant has brought this action against Hess alleging that Hess infringes the '198 patent and alleging that the '198 patent is valid and enforceable, which allegations Hess denies.  Absent a declaration

of invalidity, Hess will continue to wrongfully assert the '198 patent against Hess, and thereby cause Hess irreparable injury and damage.

33.    The '198 patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C §§ 101, 102, 103, and 112, and Hess is entitled to a declaration to that effect under 28 U.S.C. §2201 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Hess requests the Court grant the following relief:

a.    a declaration that all the claims of the '198 Patent are invalid;

b.    a declaration that Hess does not infringe, under any theory, any valid claim of the '198 Patent that may be enforceable;

c.    a declaration that Data Carriers take nothing by its Complaint;

d.    judgment against Data Carriers and in favor of Hess;

e.    dismissal of the Complaint with prejudice;

f.    a finding that this is an exceptional case under 35 U.S.C. § 285 and award Hess its costs and attorneys' fees incurred in this action; and

g.    Hess be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Hess demands a jury trial on all issues properly triable before a jury.

Dated:  May 14, 2015

Respectfully submitted,

HAYNES AND BOONE, LLP

/s/ Donald D. Jackson
Donald D. Jackson
Texas Bar No. 00787753
Mini Kapoor
Texas Bar No. 24080969
1221 McKinney Street, Suite 2100
Houston, Texas  77010
Tel.: (713) 547-2026
Fax: (713) 236-5645
donald.jackson@haynesboone.com

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF HESS
CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 14th day of May, 2015.  Local Rule CV-5(a)(3)(A).

/s/ Donald D. Jackson
Donald D. Jackson